IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00634-RJC-DSC

| | |
|---|---|
| JOE L. ADAMS JR., | ) |
|      Plaintiff, | ) ) ) |
| v. | ) ) ) |
| ROYAL PARK NURSING AND REHABILITATION, | ) ) ) |
|      Defendant. | ) ) |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on "Defendant Liberty Commons Nursing and Rehabilitation Center of Matthews LLC d/b/a Royal Park of Matthews Rehabilitation & Health Center's Motion to Dismiss," Doc. 8, filed on January 7, 2021, and the parties' associated briefs and exhibits.

The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion be <u>granted</u> as discussed below.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the *Pro Se* Complaint, Doc. 1, as true, Plaintiff Joe L. Adams Jr. filed this action as power of attorney for his father Joe L. Adams Sr. ("Adams Sr."). Doc. 1 at 6. Adams Sr. resides at Liberty Commons Nursing and Rehabilitation Center of Matthews LLC d/b/a Royal Park of Matthews Rehabilitation & Health Center ("Royal Park"), a skilled nursing facility in Matthews, North Carolina. <u>Id.</u> at 2, 6. Adams Sr. has been a resident of

the Liberty Nursing and Rehabilitation Network since January 11, 2011 due to his progressive Alzheimer's disease and immobility. Id. at 7. For the past thirty-six to forty-eight months, Adams Sr. suffered injuries and neglect at the hands of Royal Park employees and has been hospitalized numerous times for those injuries. Id. at 7–21.

The Complaint, filed on November 16, 2020, alleges claims under N.C. Gen. Stat. §§ 14-32.2, 14-112.2, 108A-106, and 108A-107. Id. at 6. Plaintiff captioned his Complaint as for "Extreme Abuse, Physical Battery, Gross Neglect and Attempt to Defraud." Id. at 6. The Summons incorrectly named the recipient as "Royal Park Nursing and Rehabilitation." Doc. 3. It was addressed to "Royal Park Nursing and Rehabilitation, 2700 Royal Commons Lane, Mathews [sic] NC 28105." Doc. 3 at 1.

On December 8, 2020, Royal Park filed a Motion for Extension of Time to Object, Answer or Otherwise Respond to Plaintiff's Complaint. Doc. 6. The Court promptly granted the Motion and allowed Royal Park until January 7, 2021 to answer or otherwise respond to Plaintiff's Complaint. On January 7, 2021, Royal Park moved to dismiss for lack of subject matter jurisdiction. Plaintiff failed to respond to Royal Park's Motion to Dismiss. On January 26, 2021, the Court entered a Text Order directing Plaintiff to file a response to Defendant's "Motion to Dismiss" and show cause why the Complaint should not be dismissed for failure to prosecute.

On February 3, 2021, Plaintiff filed a thirty-six-page document entitled "Plaintiff's Response to Defendants Answer to Motion to Dismiss," accompanied by 120 pages of sealed exhibits. Doc. 11. On February 5, 2021, Plaintiff filed a four-page document entitled "Plaintiff Second Response and Objection to Defendants Motion to Dismiss" accompanied by four more pages of sealed exhibits. Doc. 12. On February 10, 2021, Royal Park filed a Reply. Doc. 13.

2

## II. DISCUSSION

### A. Standard of Review

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only that power authorized by Constitution and statute." Randall v. United States, 95 F.3d 339, 344 (4th Cir. 1996). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Vuyyuru, 555 F.3d at 347.

Federal subject matter jurisdiction is a threshold issue for the Court, Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999), and a challenge to subject matter jurisdiction is properly considered on a motion under Fed. R. Civ. P. 12(b)(1). Clinton v. Brown, No. 3:15-cv-0048-FDW-DSC, 2015 WL 4941799 (W.D.N.C. Aug. 19, 2015).

The burden of establishing federal subject matter jurisdiction rests upon the party asserting it. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The moving party should prevail on a motion to dismiss for lack of federal jurisdiction if "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

The Court must first determine whether it has federal question jurisdiction over the claims at issue. Under 28 U.S.C. § 1331, federal question jurisdiction exists if plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction may be exercised over a state law cause of action implicating federal law if "it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921)). If

the Court has federal question jurisdiction over the claims at issue, it may exercise supplemental jurisdiction over the state law aspects of plaintiff's claims pursuant to 28 U.S.C. § 1367. 28 U.S.C. § 1367.

"Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question appears on the face of a plaintiff's properly pleaded complaint." Byrd v. Hunt, 136 F. Supp. 2d 511, 514 (M.D.N.C. 2001). In determining whether a factual basis for subject matter jurisdiction exists for purposes of resolving a Rule 12(b)(1) motion to dismiss, the court regards the pleadings as "mere evidence on the issue," and may consider evidence outside the pleadings without converting the motion to one for summary judgment. Richmond, Fredericksburg & Potomac R.R., 945 F.2d at 768; Fed. R. Civ. P. 12(d). "A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams, 697 F.2d at 1219 (citations omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

### B. *Pro Se* Plaintiff

The Court liberally construes the *pro se* filings in this case. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, while pro se litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1276 (4th Cir. 1985).

### C. Federal Question Subject Matter Jurisdiction

Plaintiff marked the box on his *pro se* Complaint to assert federal question subject matter jurisdiction.[1] Doc. 1 at 3. Plaintiff listed "Motion in Cause/Emergency" as the basis for the Court's jurisdiction. Id. But he has not alleged that his claims arise under any federal statute, treaty, or the United States Constitution. 28 U.S.C. § 1331. No federal question appears on the face of the Complaint. See Byrd, 136 F. Supp. 2d at 514. He also fails to allege any state law cause of action implicating federal law. Therefore, the Court cannot exercise supplemental jurisdiction over the state law aspects of his claims pursuant to 28 U.S.C. § 1367. See Grable & Sons Metal Prods., 545 U.S. at 313.

Plaintiff asserts "North Carolina General Statute Chapter 108A-Article 6-107" as the basis for his claims. Doc. 1 at 6. N.C. Gen. Stat. § 108A-107[2] does not set out a private cause of action under state or federal law. This provision pertains to social services protections for adults and is found under Article 6 of the Protection of the Abused, Neglected or Exploited Disabled Adult Act. Doc. 1 at 3, 6. Plaintiff also makes blanket assertions that Royal Park violated federal regulations but fails to cite any specific federal law or regulation in support of his claims. Doc. 1 at 10, 21. He also fails to allege that any of the unidentified laws or regulations relied upon provide for a private right of action under federal law.

The only statutory citations in his Complaint are to North Carolina law: N.C. Gen. Stat. §§ 14-32.2 (criminal), 14-112.2 (criminal), 108A, 108A-101(m), 108A-101(j), 108A-106, and

---

[1] Plaintiff does not allege diversity of citizenship jurisdiction as grounds for federal jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1 at 3.

[2] N.C. Gen. Stat. § 108A-107 provides: "Notwithstanding any finding by the court of lack of capacity of the disabled adult to consent, the disabled adult or the individual or organization designated to be responsible for the disabled adult shall have the right to bring a motion in the cause for review of any order issued pursuant to this Article."

108A-107. Mere reference to state statutes does not create federal question subject matter jurisdiction over this matter. 28 U.S.C. § 1331.

Even liberally construing Plaintiff's *pro se* Complaint, he has failed to carry his burden to show the existence of subject matter jurisdiction. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 8, be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff, Defendant's counsel, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED.**

Signed: February 16, 2021

David S. Cayer
United States Magistrate Judge