UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00634-RJC-DSC

| | |
|---|---|
| JOE L. ADAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| ROYAL PARK NURSING AND ) | |
| REHABILITATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, (Doc. No. 8); Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 8); Defendant's Motion to Dismiss for Failure to Comply with North Carolina Rule of Civil Procedure 9(j), (Doc. No. 8); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14); Plaintiff's Motion for Res Ipsa Loquitur, (Doc. No. 15); and Defendant's Motion to Strike Miscellaneous Filing, (Doc. No. 18). The Court has reviewed all associated filings to the Motions and M&R. To the extent any aforementioned documents were filed under seal, this Court has reviewed the unredacted, sealed versions of such documents. The matter is now ripe and ready for the Court's decision.

Having fully considered the arguments, the record, and the applicable authority, the M&R is **ADOPTED**; Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction is **GRANTED**; Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED as moot**; Defendant's Motion to Dismiss for Failure to Comply with North Carolina Rule of Civil Procedure 9(j) is **DENIED as moot**; Plaintiff's Motion for Res Ipsa Loquitur is **DENIED as moot**; and

Defendant's Motion to Strike Miscellaneous Filing is **GRANTED**.

I.   BACKGROUND

   A.   Factual Background

Accepting the factual allegations of the pro se Complaint, (Doc. No. 1), as true, Plaintiff Joe L. Adams Jr. filed this action as power of attorney for his father Joe L. Adams Sr. ("Adams Sr."). (Doc. No. 1 at 6). Adams Sr. was a resident at Liberty Commons Nursing and Rehabilitation Center of Matthews LLC d/b/a Royal Park of Matthews Rehabilitation & Health Center ("Royal Park") since January 11, 2011, due to his progressive Alzheimer's disease and immobility. (Id. at 2, 6–7). For the past thirty-six to forty-eight months, Adams Sr. suffered injuries and neglect at the hands of Royal Park employees and has been hospitalized numerous times for those injuries. (Id. at 7–21). Ultimately, on February 12, 2021, Adams Sr. died from those injuries. (Doc. No. 15 at 1). The death certificate listed the following immediate causes of death: (1) "osteomyelitis,"[1] (2) "severe sepsis," (3) "infected with multiple decubitus ulcers,"[2] and (4) "sever professor colon—malnutrition." (Doc. No. 15-1 at 2).

   B.   Procedural Background

The Complaint, captioned as "Extreme Abuse, Physical Battery, Gross Neglect and Attempt to Defraud," was filed on November 16, 2020, and alleges claims under N.C. Gen. Stat. §§ 14-32.2, 14-112.2, 108A-106, and 108A-107. (Id. at 1, 6). In the Complaint, Plaintiff makes a blanket assertion that Royal Park violated "federal regulations," but failed to specifically cite to any such regulations. (Id. at 10, 21). Plaintiff indicated the basis for jurisdiction was federal question jurisdiction because of a "Motion in Cause/Emergency." (Id. at 3). Plaintiff listed no

---

[1] Osteomyelitis is a bone infection. See Osteomyelitis, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/osteomyelitis/symptoms-causes/syc-20375913 (last visited Sept. 28, 2021).
[2] Decubitus ulcers are also called pressure ulcers or bedsores. See Bedsores (Decubitus Ulcers), HARVARD MEDICAL SCHOOL (Feb. 25, 2010), https://www.health.harvard.edu/pain/bedsores-decubitus-ulcers-a-to-z.

specific federal statutes or regulations which give rise to private causes of action.

On January 7, 2021, Royal Park moved to dismiss for lack of subject-matter jurisdiction, for failure to state a claim, and for failure to comply with North Carolina Rule of Civil Procedure 9(j). (Doc. No. 8). Plaintiff failed to respond to Royal Park's Motion to Dismiss. On January 26, 2021, the Court entered a Text Order directing Plaintiff to file a response to Defendant's "Motion to Dismiss" and show cause why the Complaint should not be dismissed for failure to prosecute.

On February 3, 2021, Plaintiff filed a thirty-six-page document entitled "Plaintiff's Response to Defendants Answer to Motion to Dismiss," accompanied by 120 pages of sealed exhibits. (Doc. No. 11). On February 5, 2021, Plaintiff filed a four-page document entitled "Plaintiff Second Response and Objection to Defendants Motion to Dismiss" accompanied by four more pages of sealed exhibits. (Doc. No. 12). On February 10, 2021, Royal Park filed a Reply. (Doc. No. 13).

On February 16, 2021, the Magistrate Judge issued an M&R recommending that Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction be granted. (Doc. No. 14). Thereafter, Plaintiff filed an objection and corresponding Motion for Res Ispa Loquitur. (Doc. No. 15). Royal Park then filed a reply to Plaintiff's objection. (Doc. No. 16). Over three weeks after the objection deadline, Plaintiff filed a second round of objections without leave of court, (Doc. No. 17), which Royal Park seeks to strike, (Doc. No. 18). Plaintiff's second round of objections, for the first time in the case, specifically references a federal statute and regulation, including:

- 42 C.F.R. § 483.25 titled "Quality of Care" which provides rules for healthcare facilities participating in Medicare, (Doc. No. 17 at 7); and

- 42 U.S.C. § 3058i titled "Prevention of elder abuse, neglect, and exploitation" which describes guidelines state agencies must follow to receive government funds, (Id. at 9).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a

3

magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

### A. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

#### i. Standard of Review for Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Subject-matter jurisdiction in federal court exists only where a federal question is presented, 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims where the Court lacks jurisdiction over the subject-matter of the lawsuit. FED. R. CIV. P. 12(b)(1). Lack of subject-matter jurisdiction may be raised at any time by a litigant or the court itself. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction,

4

the court must dismiss the action." FED. R. CIV. P. 12(h)(3).  The plaintiff bears the burden of proving that the court has subject-matter jurisdiction over a case or claim.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

> ii. Standard of Review of Pro Se Pleadings

The Court liberally construes the pro se filings in this case.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, while pro se litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them."  Beaudett v. City of Hampton, 775 F.2d 1274, 1276 (4th Cir. 1985).

> iii. Analysis

This Court lacks subject-matter jurisdiction to hear the case.  As outlined in the M&R, the Complaint alleges subject-matter jurisdiction via federal question.  However, the Complaint fails to cite to the Constitution or any specific federal statute or regulation.

In the first round of objections to the M&R, Plaintiff argues the merits of his case and raises a motion for res ipsa loquitur.  But Plaintiff failed to address the jurisdictional problem and instead relies solely on the recent death of his father Adams, Sr.—who Plaintiff brought this lawsuit on behalf of—as the reason why the case should not be dismissed.  (Doc. No. 15).

In the second round of objections to the M&R, Plaintiff specifically cites to a federal statute and regulation for the first time.  While the second round of objections is untimely and improper under Fed. R. Civ. P 72(b), Plaintiff fails to show how the federal statute or regulation provide this Court with subject-matter jurisdiction.  For example, 42 C.F.R. § 483.25 does not

provide a private cause of action to satisfy federal question jurisdiction.  Schneller v. Crozer Chester Med. Ctr., 387 Fed. Appx. 289, 293 (3d Cir. July 20, 2010), writ of certiorari denied by 562 U.S. 1287 (2011) (holding that 42 C.F.R. § 483.25 provides no basis for federal question jurisdiction because it does "not offer a private cause of action" but rather sets "forth the requirements that a facility must meet in order to qualify to participate in Medicare and Medicaid.").  Likewise, 42 U.S.C. § 3058i cannot confer federal question jurisdiction on this action.  See 42 U.S.C. § 3058i (directs that a state agency "shall, in accordance with this section, and in consultation with area agencies on aging, develop and enhance programs to address elder abuse, neglect, and exploitation"); Wilkes v. North Carolina, Case No. 1:19-cv-699, 2019 U.S. Dist. LEXIS 219940, at *11–12 (M.D.N.C. Nov. 19, 2019) (holding that 42 U.S.C. § 3058i does not confer a private right of action); Davis v. Davis, Case No. 3:21-cv-00829, 2021 U.S. Dist. LEXIS 159779, at *6-7 (D. Or. Aug. 24, 2021) ("[42 U.S.C. § 3058i] does not confer a private right of action.").  Accordingly, even if Plaintiff's untimely and improper second round of objections was allowed, it fails to cure the jurisdictional requirement under 12(b)(1).

While the Court is mindful of the latitude extended to the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 520 (1972), it cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint.  Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).  As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).  Similarly, a pro se plaintiff must still prove that subject-matter

6

Case 3:20-cv-00634-RJC-DSC   Document 20   Filed 09/29/21   Page 6 of 8

jurisdiction exists.  Here, Plaintiff has not carried his burden in demonstrating federal subject-matter jurisdiction exists via federal question jurisdiction, as pled in the complaint.  And no amount of latitude can save Plaintiff's failure to meet this jurisdictional requirement.

Thus, because no federal question appears on the face of the Complaint, <u>Columbia Gas Transmission Corp. v. Drain</u>, 237 F.3d 366, 370 (4th Cir. 2001), even under a liberal construction, this Court grants Defendant's motion to dismiss for lack of subject-matter jurisdiction.

**B.  Defendant's Motion to Dismiss for Failure to State a Claim, Defendant's Motion to Dismiss for Failure to Comply with North Carolina Rule of Civil Procedure 9(j), and Plaintiff's Motion for Res Ipsa Loquitur**

As the case lacks subject-matter jurisdiction, the Court does not reach the merits of these motions and denies them as moot.

**C.  Defendant's Motion to Strike Miscellaneous Filing**

Defendant moves to strike Plaintiff's second round of objections to the M&R as procedurally improper under Fed. R. Civ. P. 72(b) and the Local Rules.  (Doc. No. 18 at 1–2).  In response, Plaintiff argues the merits of his case—that Defendant's actions caused his father's death—as the reason why the second round of objections should not be struck.  (Doc. No. 19 at 5).

The M&R issued on February 16, 2021, and all objections were due by March 2, 2021.  (Doc. No. 14).  Plaintiff timely filed a first round of objections on March 2, 2021.  (Doc. No. 15).  Plaintiff's second round of objections was filed on March 24, 2021, over three weeks late.  (Doc. No. 17).  In addition to the untimely filing, Fed. R. Civ. P. 72(b) and the Local Rules do not provide parties with the right to file a second round of objections, and Plaintiff provided no extenuating circumstances or other reasons why this Court should allow an untimely and improper second round of objections.  Accordingly, Plaintiff's second round of objections is struck as untimely and as a filing not permitted under the Federal Rules of Civil Procedure or the Local Rules of this Court.

7

Regardless, as discussed above, even if Plaintiff's second round of objections was not struck, it fails to overcome the subject-matter jurisdictional deficiency.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction, (Doc. No. 8), is **GRANTED**;

3. Defendant's Motion to Dismiss for Failure to State a Claim, (Doc. No. 8), is **DENIED as moot**;

4. Defendant's Motion to Dismiss for Failure to Comply with North Carolina Rule of Civil Procedure 9(j), (Doc. No. 8), is **DENIED as moot**;

5. Plaintiff's Motion for Res Ipsa Loquitur, (Doc. No. 15), is **DENIED as moot**; and

6. Defendant's Motion to Strike Miscellaneous Filing, (Doc. No. 18), is **GRANTED**.

The Clerk is directed to close this case.

Signed: September 28, 2021

Robert J. Conrad, Jr.
United States District Judge